# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CRYSTAL COLEMAN,**

                **Plaintiff,**

**-vs-**                                                        **Case Nos.  6:10-cv-1425-Orl-28GJK**

**CIRCLE K CORPORATION,**
**CONSTITUTION STATE SERVICES, LLC,**

                **Defendants,**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTIONS BY DEFENDANT, CONSTITUTION STATE SERVICES, LLC** (Doc. No. 28) |
| **FILED:** | September 1, 2011 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

> MOTION: PLAINTIFF'S MOTION TO STRIKE DKT 28 AND
> MOTION FOR SANCTIONS AGAINST
> DEFENDANT CONSTITUTION STATE SERVICES,
> LLC FOR VIOLATION OF CASE MANAGEMENT
> AND SCHEDULING ORDER AND MIDDLE
> DISTRICT LOCAL RULE 9.07(b)
> (Doc. No. 32)
>
> FILED: September 7, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I. BACKGROUND.

On August 31, 2011, Crystal Coleman (the "Plaintiff"), Constitution State Services, LLC (the "Defendant"), and Circle K Corporation ("Circle K") engaged in Court ordered mediation. Doc. Nos. 27, 31. The mediator's report provides all parties and counsel were present with authority to settle the cases and the "result of the Mediation Conference was a complete settlement between [P]laintiff and [Circle K] and an IMPASSE between [P]laintiff and [D]efendant. . . ." Doc. No. 31.

Following the mediation, Defendant and Plaintiff have each filed motions for sanctions. Doc. Nos. 28, 32. Defendant maintains that Plaintiff violated the Case Management and Scheduling Order (Doc. No. 26 at 11) (the "CMO") because she did not participate in good faith at the mediation (the "Defendant's Motion"). The CMO states that the "Court will impose sanctions upon lead counsel and parties who do not . . . participate in good faith in the mediation conference." Doc. No. 28 at 1-5. After Defendant's Motion was filed, Plaintiff filed a motion to strike Defendant's Motion and a motion for sanctions (the "Plaintiff's Motion"). Doc. No. 32.

2

Plaintiff argues that Defendant's Motion should be stricken because it violates Local Rule 9.07(b)'s proscription that "[a]ll proceedings of the mediation conference, including statements made by any party, attorney, or other participants, are privileged in all respects." Doc. No. 32 at 1-2. Plaintiff contends that Defendant's description of the parties' conduct at mediation in Defendant's Motion warrants sanctions because it was made in bad faith. Doc. No. 32 at 2.

## II. ANALYSIS.

Both motions essentially request that the Court award sanctions pursuant to its inherent authority. Doc. Nos. 28, 32. The Court has the inherent authority to control the proceedings before it, which includes the authority to impose "reasonable and appropriate" sanctions. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). "To exercise its inherent power a court must find that the party acted in bad faith." *Martin*, 307 F.3d at 1335 (emphasis added). "Inherent powers must be exercised with restraint and discretion." *Footman v. Cheung*, 341 F.Supp.2d 1218, 1224 (M.D. Fla. 2004) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)). Thus, a movant must show that a party and/or an attorney pursued objectively untenable factual or legal positions by acting in bad faith.

The Case Management and Scheduling Order (the "CMO") provides that the Court will sanction any attorney or party who does not participate in good faith at the mediation conference. Doc. No. 26 at 11. The CMO and Local Rule 9.07(b) also provide that all discussions, representation, and statement made during the conference are privileged, and may not be "made known to the trial court." Doc. No. 26 at 11; Local Rule 9.07(b). In the CMO, the Court places the burden or responsibility on the mediator to "report any conduct of a party or counsel that falls short of a good faith effort to resolve the case . . . or fails to comply with this Order." Doc. No.

26 at 11. Thus, it is the mediator's responsibility, rather than counsel or the parties, to inform the Court if any party or counsel failed to participate in good faith.

In this case, the mediator's report does not disclose any bad faith conduct on the part of Plaintiff or Plaintiff's counsel. *See* Doc. No. 31. Accordingly, it is recommended that the Court **DENY** Defendant's Motion (Doc. No. 28).

While Defendant's Motion does not comply with the CMO or Local Rule 9.07(b), there is no evidence that Defendant acted in bad faith by filing Defendant's Motion. Accordingly, it is recommended that the Court **DENY** Plaintiff's Motion (Doc. No. 32) to the extent it seeks sanctions against Defendant. However, because the Defendant's Motion discloses statements and representations which were made during the mediation conference, it is recommended that the Court **GRANT** Plaintiff's Motion (Doc. No. 32) to the extent it requests that Defendant's Motion be stricken.

Based on the forgoing, it is **RECOMMENDED** that:

1. Defendant's Motion (Doc. No. 28) be **DENIED**;

2. Plaintiff's Motion (Doc. No. 32) be **GRANTED** only to the extent it requests that Defendant's Motion be stricken;

3. Otherwise, Plaintiff's Motion (Doc. No. 32) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** at Orlando, Florida on November 18, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties