**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CRYSTAL COLEMAN,**

        **Plaintiff,**

**v.**                                                                                       Case No:  6:10-cv-1425-Orl-28GJK

**CIRCLE K STORES, INC. and**
**CONSTITUTION STATE SERVICES,**
**LLC,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **TRAVELER INDEMNITY COMPANY'S MOTION FOR AWARD OF ATTORNEYS FEES** (Doc. No. 62) |
| **FILED:** | **July 3, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

**I. BACKGROUND**

On September 24, 2010, Plaintiff filed a seven count Complaint against Defendants, Circle K Stores, Inc. (hereafter "Circle K") and Travelers Indemnity Company (hereafter "Travelers"). Doc. No. 62. The claims in the Complaint arose out of allegations that Travelers falsely accused Plaintiff of committing insurance fraud, which resulted in Plaintiff being criminally prosecuted and fired from her job at Circle K. Doc. No. 1 at 2-3. In Counts I-IV, Plaintiff asserted claims for malicious prosecution, slander, libel and a violation of Section

44.205, Florida Statutes, against Circle K. Doc. No. 1 at 4-7. In Count V-VII, Plaintiff asserted claims for malicious prosecution, slander and libel against Travelers. Doc. No. 1 at 8-10.

On December 17, 2010, Plaintiff filed a five count Amended Complaint, which dropped Travelers as a Defendant and added Constitution State Services, LLC, as a Defendant. Doc. No. 16. On December 21, 2010, the Court ordered the Clerk to terminate Travelers as a party. Doc. No. 18. On January 14, 2011, Plaintiff and Circle K stipulated to the dismissal of Counts II and III. Doc. No. 20. On September 2, 2011, Plaintiff filed a notice indicating that she settled her claims against Circle K at mediation. Doc. No. 30. On November 16, 2011, Constitution State Services moved for summary judgment on Count V. Doc. No. 36. On March 29, 2012, Plaintiff filed her response. Doc. No. 50. On June 18, 2012, judgment was entered in favor of Constitution State Services after the Court granted Constitution State Services' motion for summary judgment. Doc. Nos. 58-59. On July 3, 2012, Travelers moved for an award of attorney's fees (hereafter "Motion"), pursuant to Rule 11, Federal Rules of Civil Procedure, and Section 57.105, Florida Statutes. Doc. No. 62.

## II. LAW

Rule 11(b), Federal Rules of Civil Procedure, provides:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Thus, Rule 11(b) imposes a duty upon attorneys and pro se parties to "refrain from filing or pursuing frivolous claims." *Rueter v. Merrill Lynch*, 440 F. Supp. 2d 1256, 1266 (N.D. Ala. 2006) (citing Fed. R. Civ. P. 11(b)).

Rule 11 embodies the principle that attorneys and pro se litigants have an obligation to refrain from conduct that frustrates the aims of Rule 1.[1] To accomplish this goal, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading or motion; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention. *See* Advisory Committee Notes to Rule 11, 1993 Amendments.

A party may move for Rule 11 sanctions or the Court may, *sua sponte*, order an attorney or party to show cause why his or her conduct has not violated Rule 11. Fed. R. Civ. P. 11(c)(2)-(3). A motion for Rule 11 sanctions must be filed separately from any other motion, must specifically describe the conduct that allegedly violates Rule 11(b) and must be served pursuant to Rule 5. Fed. R. Civ. P. 11(c)(2). However, a motion for Rule 11 sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is

---

[1] Rule 1, Federal Rules of Civil Procedure, provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action."

withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*

Section 57.105, Florida Statutes (2010), states:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.
>
> . . . .
>
> (4) A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Thus, a party may be awarded attorney's fees, pursuant to Section 57.105, by showing that the losing party presented a claim or defense that was not supported by material facts or was not supported by the application of then existing law to the material facts. Similar to Rule 11, a motion for sanctions under Section 57.105 may not be presented to the Court if the losing party withdraws or appropriately corrects the paper, claim, defense, contention, allegation or denial within twenty-one (21) days after being served with the motion.

### III. ANALYSIS

In the Motion, Travelers asserts that Plaintiff's claims for malicious prosecution, libel and slander "were entirely devoid of any factual or legal merit." Doc. No. 62 at 2 ¶ 5. Travelers

asserts that Plaintiff and her counsel knew or should have known that her claims were "not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Doc. No. 62 at 2-3 ¶ 6. Travelers asserts that Plaintiff could not assert her claim for malicious prosecution because she and her counsel were on notice that an express finding of probable cause had been made for her arrest and prosecution. Doc. No. 62 at 3 ¶¶ 8, 10. Plaintiff also asserts that Plaintiff's claims for libel and slander were barred by the two-year statute of limitations. Doc. No. 62 at 3 ¶ 11. Travelers represents that it served the Motion on "Plaintiff's counsel more than 21 days before the Motion was filed, and Plaintiff and her counsel failed to withdraw or appropriately correct the Complaint." Doc. No. 62 at 4 ¶ 19. The certificate of service indicates that the Motion was served on Plaintiff's counsel on November 30, 2010. Doc. No. 5.

Plaintiff filed her Complaint alleging claims for malicious prosecution, libel and slander against Travelers on September 24, 2010. Doc. No. 1. Travelers served the Motion on November 30, 2010. Doc. No. 62 at 5. Plaintiff filed her Amended Complaint on December 17, 2010. Doc. No. 16. The Amended Complaint dropped Travelers as a party and added Constitution State Services. Doc. No. 16. On December 21, 2010, the Court entered an order directing the Clerk to terminate Travelers as a party. Doc. No. 18. By filing her Amended Complaint, Plaintiff withdrew her claims against Travelers seventeen (17) days after being served with the Motion. Doc. No. 16. The Court ordered Travelers to be terminated as a party on December 21, 2010. Doc. No. 18. Thus, Plaintiff withdrew her claims against Travelers within the twenty-one (21) day safe harbor provision in Rule 11 and Section 57.105. Accordingly, it is **RECOMMENDED** that the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on October 1, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy